*Judgment*, that the plea is insufficient, and that plaintiffs recover their debt.

## BOOK.

### No. 1.

**WHELPLEY** *against* **HIGLY.** *Rutland*, 1816.

AN order drawn requesting the delivery of a waggon upon a special contract, expressed in the order, as to the time and manner of payment, precludes an action on *book*.

### No. 2.

**HITCHCOCK** *against* **SMITH.** *Rutland*, 1816.

AN action on book will not lie for the use and occupancy of land.

### No. 3.

**AMES ET AL.** *against* **FISHER.** *Windham*, 1817.

ACTION on book; the only charge was, a domestick spinning Jenny, at $60. Court decided that the action could not be maintained.

### No. 4.

**FIELD, GATES & CO.** *against* **SAWYER.** *Windham*, 1818.

ACTION on book. Defendant prays oyer of plaintiff's book of account, and it is read as follows :

Mr. ZADOCK SAWYER,

To FIELD, GATES & Co.           Dr.

| | |
|---|---|
| 1816. March 14. To 1 Hhd. Gin, 116 gallons, will reduce 2 to 9, making 141 galls. at 75 cts. | $ 105,75 |
| Hhd. for Do. | 3,00 |
| | $108,75 |

Mr. Everett for the defendant, objected, That the said item of charge as aforesaid, does not give the plaintiffs a claim, in an action on book account. The 2d sec. of the act, vol. 1, 237, sustains the action of account, on book accounts, and the proper form is prescribed by statute. This does not alter the *principle* of the action of account lying at the common law. That the existence of *privity*, or credit by an open interchange of commodities, which gives rise to the specified charges as they may appear on producing the books is that *privity* which is necessary, at the common law to sustain the action of account. Coke 1, 172. Lilly, Ab. 1, 18. Wood's Institutes, 557. Shepard's Touchstone, 10. By these authorities the action of account could, at common law, be sustained *only*, 1. Against Guardian. 2. Bailiff. 3. Receiver. Or, in case where a *privity* existed in deed or fact, by consent of the parties, as in the two cases, where the defendant might be charged as Bailiff or Receiver. And the case of *privity in law*, as where the defendant may be charged as guardian in socage.

The item on the books of the plaintiffs is against a *stranger*, and a single item amounting to $108,75 ; as well might the plaintiffs charge the defendant with a horse, an ox or a farm, which would not be admitted.

This form of action is not to be found unless fairly and obviously within the statute provision. For,

1. It is more expensive. 2. It in effect, takes away the trial by Jury. 3. It admits the testimony of the party in his own cause. The object obtained with these sacrifices, in cases of charge for a single item, is only substituting the poorer for the better form of action. The case of Ames et al. *v.* Fisher, is strictly in point.

Contra, Hubbard, for plaintiff. The law has not precisely pointed out all the articles which are the proper subjects of book account ; the general rule, however, is, that the charge must be confined to transactions between the parties, where in the usual course of their business, they charge on book, articles sold and delivered, services performed, the use of personal chattels, &c.

Swift's Ev. 83. The rule of evidence is, that the parties may testify, as to the price and quality of the article, and the time and mode of payment. Same.

Thus, goods sold at the common retail stores in the country, articles made and sold by common mechanics to their customers; articles also that are sold at wholesale, are the usual and proper subjects of book account; it is not the value or amount of the article which prevents its being the subject of book account, but it is the nature of the article. Thus, hogsheads or barrels of rum may be charged as well as quarts, &c. The case of Ames et al. *v.* Fisher, would serve in some degree, to narrow the subjects of book charge; but in that case the principal objection was, that from the nature of the article, there could be no known standard for the price, and therefore the defendant might be exposed to great fraud and injustice; but in the present case, the value of the gin and hogshead are known as well as any other articles.

The Court decided, to sustain the action, and rendered Judgment to account.

See Set-Off. 3.    New Trial, 5.

## C.

CERTIORARI—See Bastardy.

CHALLENGE—See New Trial, 11.

CITATION—See Poor Debtor.

COLLECTOR OF CUSTOMS—See Distribution, 1, 2.

## COMMISSION.

FERGUSON *against* MORRILL. *Caledonia*, 1818.

WHERE a commission to take testimony in a foreign country, i. e. out of the United States, issues, it must direct the party praying out the commission, to notify the adverse party of the

F